UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD ALEXANDER, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0314-X |
| | § | |
| FCA US LLC f/k/a CHRYSLER GROUP LLC and LEAR CORPORATION, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendants FCA US LLC f/k/a Chrysler Group LLC (FCA) and Lear Corporation's (Lear) motion to stay discovery. (Doc. 29). For the reasons below, the Court **DENIES** the motion to stay.

## I. Factual Background

FCA is a major automotive manufacturer that first introduced a class of vehicles in 2011 (Class Vehicles). Lear designed the seats and Seat Height Adjuster for the Class Vehicles. When a car was hit from behind the Seat Height Adjuster would break, placing occupants in serious risk for their safety. Although Lear notified FCA of the defect and the associated risks, FCA allegedly continued to sell the defective Class Vehicles.

Due to the Seat Height Adjuster defect, plaintiffs Richard and Evelyn Alexander, Brenda Turner, Shawn Fischer, and Troy and Shera Stone, on behalf of a

class of plaintiffs (collectively, "Plaintiffs"), sued FCA and Lear under the federal Racketeer Influenced and Corrupt Organizations Act and the Texas Deceptive Trade Practices Act. They also brought claims for breach of implied warranty, fraud, and unjust enrichment. Subsequently, Plaintiffs served FCA and Lear with seventy-seven Rule 34 requests to obtain decades' worth of documents. In response, FCA and Lear moved to stay discovery.

## II. Legal Standard

Under Federal Rule of Civil Procedure 26(c), a court can "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including a stay of discovery and disclosures. Courts also possess broad discretion and inherent authority to stay discovery for good cause until preliminary questions that may dispose of the case are resolved.[1] When a motion to dismiss is pending, the court has discretion to stay discovery if the disposition of the motion might preclude the need for discovery altogether.[2] Courts generally consider the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay.[3]

## III. Analysis

FCA and Lear offer two arguments in support their motion. First, they argue

[1] *Fujita v. U.S.*, 416 F. App'x 400, 402 (5th Cir. 2011).

[2] *Von Drake v. Nat'l Broad. Co., Inc.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004, (Kaplan, J.)) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

[3] *Id.*

that the requests are overly broad and would create "undue burden or expense."[4] To support that assertion, they emphasize the number of requests and contend that their compliance burden will not be reduced by the fact they have already set aside a significant portion of the requested documents for separate litigation.[5]

To be sure, the burden of discovery may be great. But a stay will only delay, not decrease, the burden of compliance. Accordingly, the alleged undue burden is unpersuasive.

Second, FCA and Lear argue that their pending motions to dismiss will bring clarity to these claims.[6] But those motions were mooted out by the Plaintiffs' Amended Complaint.[7] So there are no motions to dismiss pending.

Accordingly, FCA and Lear haven't shown good cause for a stay under Rule 26(c).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** FCA and Lear's motion to stay discovery.

**IT IS SO ORDERED** this 7th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[4] Doc. 29 at 4–6.

[5] Doc. 39 at 2–3, 9.

[6] Doc. 29 at 12–13.

[7] Docs. 37 & 38.